UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KORESHA J. WILLIAMS, et al.,

    Plaintiffs,

v.                                                CASE NO. 8:14-cv-2666-T-23TBM

POLK STATE COLLEGE,

    Defendant.
_____/

**<u>ORDER</u>**

    The *pro se* plaintiffs sued (Doc. 2) in state court. The complaint, which appears to assert only one claim, fails to state the law on which the claim is based. However, the complaint states, "I think [the defendant acted] against the ADA Americans with Disability Act, which is funded by the U.S. Department of Education, which funds Polk State College." (Doc. 2 at 1) Seizing the plaintiffs' reference to the ADA, the defendant removes (Doc. 1) this action and states that the "complaint is an apparent action . . . for alleged violations of the Americans with Disabilities Act of 1990." (Doc. 1 at 2) The plaintiffs respond, "Plaintiff[s were] informed by the Defendant's Counsel on another situation that District Court rules were harder than State Court so they took it upon themselves to move this Complaint to District Court to make it harder for [us] because I am not an Attorney and don't know all the Laws and Rules . . . ." (Doc. 8 at 1; Doc. 9 at 1)

Whether this action presents a federal question is unclear. The plaintiffs sued in state court and express a desire to continue litigating in state court. More importantly, the complaint's single mention of the ADA fails to resolve the ambiguity because any conduct that violates the ADA violates the Florida Civil Rights Act. *Menzie v. Ann Taylor Retail Inc.*, 549 Fed. Appx. 891, 894 n.5 (11th Cir. 2013) ("Discrimination claims brought under FCRA must meet the same standard required to establish a claim under the ADA. Accordingly, we do not analyze these two claims separately."); *Van v. Miami-Dade Cnty.*, 509 F. Supp. 2d 1295, 1300 n.4 (S.D. Fla. 2007) (Ungary, J.) ("[I]inasmuch as the Court refers to case law decided under the ADA, the Court applies the same reasoning to Plaintiff's FCRA claim.").

If the objective reader cannot determine whether a claim arises under federal or state law, that claim fails to invoke federal question jurisdiction. *Lorenz v. Texas Workforce Commission*, 211 Fed. Appx. 242, 245 (5th Cir. 2006), explains:

> [W]e are left with a petition that is ambiguous as to what cause of action [the plaintiff] is bringing and on what law he bases his claim. It is possible to construe his pleadings as stating a federal claim, but it is equally possible that he is bringing a claim solely under state law. We have held that ambiguities are construed against removal because the removal statute is strictly construed in favor of remand. Therefore, we must construe the ambiguities . . . against removal. When we do so, we are left with no allegations on which to base federal question jurisdiction . . . .

Because the complaint in this action lacks sufficient information to permit a determination of whether this action presents a state or federal claim, the complaint fails to invoke federal question jurisdiction. Accordingly, under 28 U.S.C. § 1447(c),

this action is **REMANDED** for failure of the removing party to invoke federal jurisdiction.  The clerk is directed (1) to mail, as required by Section 1447(c), a certified copy of this order to the clerk of the Circuit Court for Polk County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on January 16, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE